UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IKE ROBINSON,

    Plaintiff,

v.                                       Case No. 05-CV-70075

STATE FARM MUTUAL AUTOMOBILE     Honorable Patrick J. Duggan
INSURANCE COMPANY,

    Defendant.
_____/

**OPINION AND ORDER
DISMISSING PLAINTIFF'S BREACH OF CONTRACT CLAIM WITHOUT
PREJUDICE**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 13, 2005.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On January 10, 2005, Ike Robinson ("Plaintiff") filed a two-count complaint against State Farm Mutual Automobile Insurance Company ("Defendant") in this Court alleging: (I) violations of 42 U.S.C. § 1981; and (II) breach of contract. Defendant seeks a dismissal of Count II and a summary judgment with respect to Count I. A hearing on this motion was held on October 12, 2005.

**I.    Factual Background**

Plaintiff has leased a Pontiac Firebird since May 16, 2000. On June 29, 2004,

Plaintiff's car was stolen. (Compl. at ¶ 12). It is undisputed that Plaintiff held an insurance policy for this car with Defendant at the time the car was stolen. Shortly after this incident, Plaintiff reported the loss to Defendant.

Defendant commenced an investigation regarding Plaintiff's claim. During the investigation, Plaintiff provided Defendant with a recorded statement concerning the incident. (Pl.'s Br. Opp'n Mot. Dismiss at 2). Additionally, Defendant asked Plaintiff for his credit report and personal cell phone records. (Def.'s Br. Supp. Mot. Dismiss at 2). Plaintiff refused to turn over these documents to Defendant. (*Id.* at 2-3). Plaintiff alleges that during the investigation Defendant's claims adjuster made racist remarks to Plaintiff.

Plaintiff's insurance policy with Defendant bars Plaintiff from bringing an action against Defendant "until all the terms of this policy have been met." (Def.'s Br. Supp. Mot. Dismiss Ex. B at 29). One of the duties that the insured has is to "answer questions under oath when asked by anyone [the insurance company] name[s]." (*Id.* at 6). This is known as an "examination under oath" (EUO).

Defendant further argues that Plaintiff did not comply with two other provisions of the insurance policy because he refused to provide Defendant with his cell phone records and credit report. (Def.'s Br. Supp. Mot. Dismiss at 5). The insurance policy requires that the insured "provide all records, receipts and invoices, or certified copies of them" when there is a loss. (*Id.* Ex. B at 5-6). The insured also has a duty to assist the insurance company with "securing and giving evidence." (*Id.* at 6).

Defendant scheduled an EUO with Plaintiff regarding his claim on December 16, 2004. Both sides allege that the EUO had to be rescheduled because of the other party. Plaintiff

2

claims that Defendant's attorney rescheduled this EUO to January 4, 2005. (Pl.'s Br. Opp'n Mot. Dismiss at 2-3). However, Defendant claims that Plaintiff refused to appear for the EUO. (Def.'s Br. Supp. Mot. Dismiss at 2). Moreover, Plaintiff alleges that the Defendant cancelled the January 4, 2005 EUO because Defendant had a scheduling conflict. (*Id.*). According to Defendant, the EUO had to be rescheduled because of a scheduling conflict, but Defendant does not admit that it was its fault. (Def.'s Reply Br. Supp. Mot. Dismiss at 4).

Defendant alleges that no decision has been made on Plaintiff's claim because it has not been able to complete its investigation.

It is undisputed that Plaintiff has now turned over to Defendant the requested cellular phone records and credit reports. It is also undisputed that the examination under oath ("EUO") to which Defendant is entitled has not taken place. However, there is a dispute as to whether or not the failure to conduct an EUO is the fault of Plaintiff or Defendant. Therefore, the Court does not believe that Plaintiff should be permanently precluded from asserting a breach of contract claim. At the hearing on October 12, 2005, the Court directed that the parties conduct the EUO as soon as possible and counsel for both parties believed that that could be accomplished within the next two weeks. The Court therefore believes that the appropriate disposition of Plaintiff's breach of contract claim is to dismiss that claim without prejudice. Upon completion of the EUO, Defendant shall promptly make a decision whether or not to pay the claim. This Order of Dismissal shall not preclude Plaintiff from

filing another lawsuit asserting a breach of contract claim.[1]

With respect to Defendant's motion for summary judgment as to Count I, the Court will take this motion under advisement. At the hearing on October 12, 2005, in response to the Court's inquiry as to Plaintiff's proof of disparate treatment, Plaintiff's counsel contended that because Defendant has not produced records requested of it during discovery, Plaintiff is unable to demonstrate to this Court that Plaintiff was treated differently than other claimants. Although Plaintiff has pointed to evidence that a racially derogatory comment was made to Plaintiff in connection with this claim, such derogatory comment, if true, does not, in and of itself, establish that Plaintiff was <u>treated</u> discriminatorily. However, because Plaintiff has asserted that it has not received from Defendant records which it sought and to which it is entitled, this Court is not prepared, at this time, to rule on Defendant's motion for summary judgment.

Plaintiff shall have the opportunity to supplement its opposition to the motion for summary judgment by November 30, 2005. In such supplement, Plaintiff shall inform the Court of any additional information which it has obtained which Plaintiff believes supports a denial of Defendant's motion for summary judgment.

Therefore, for the reasons set forth above,

**IT IS ORDERED** that Count II (breach of contract) of Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

---

[1] It may well be, if another lawsuit is filed, that it may have to be filed in the state court unless Plaintiff can assert appropriate federal court jurisdiction.

4

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment as to Count I (violations of 42 U.S.C. § 1981) is under advisement.

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Victor P. Valentino, Esq.
Robert P. Ludolph, Esq.
Amanda Shelton, Esq.